*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re J. J. COFFEY, Minor.

UNPUBLISHED
April 14, 2022

No. 357680
Wayne Circuit Court
Family Division
LC No. 2019-000401-NA

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

Respondent appeals the termination of his parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (*ii*), (g), (j), and (k)(*i*). Because we find that at least one ground for statutory termination was established by clear and convincing evidence and that termination is in the best interests of the child, we affirm.

## I. BACKGROUND

JJC tested positive for multiple drugs at birth and experienced withdrawal symptoms. Following JJC's birth, his mother[1] continued to test positive for illegal substances. When JJC was just four months old, the Department of Health and Human Services (DHHS) filed a petition to remove JJC from the mother's home. The petition was authorized and JJC was placed with the maternal grandmother, who also had guardianship over JJC's older sister.

After respondent signed an affidavit of parentage and became JJC's legal father, DHHS filed a new petition adding respondent and alleging he was "not suitable to provide care and/or custody for [JJC] because he has abandoned his child and has a substance abuse history." DHHS filed an amended petition adding allegations that respondent lacked "suitable housing and provisions for the child." Respondent admitted at the adjudication trial that he used drugs both before and after JJC's birth. He also admitted to a heroin overdose a few months after JJC's birth. The initial dispositional order required respondent to participate in Infant Mental Health services with a parenting class component, regularly visit JJC, maintain contact with the foster care worker,

---

[1] JJC's mother also had her parental rights terminated, but she is not involved in this appeal.

undergo a psychological assessment, participate in individual therapy and substance abuse counseling, maintain/obtain suitable housing and a legal form of income, and submit to random weekly drug screens.

Despite ample time and opportunity, respondent failed to adhere to the requirements of the court-ordered service plan. As a result, DHHS filed a supplemental petition seeking termination of his parental rights under MCL 712A.19b(3)(a)(*ii*) (desertion for 91 days or more), (c)(*i*) (conditions that led to the adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions), (g) (failure to provide proper care and custody), (j) (reasonable likelihood that the child will be harmed if returned to the parent), and (k)(*i*) (abuse by abandonment of young child).

A termination hearing was held, but neither the respondent nor JJC's mother appeared. Following testimony from a DHHS foster care worker and presentation of other evidence, the trial court held that there was clear and convincing evidence supporting termination of respondent's parental rights under each of the statutory grounds outlined in the petition, and that termination was in the child's best interest. This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). We also review a trial court's decision that termination is in a child's best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). A finding is clearly erroneous when this Court is "left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citations omitted). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

## III. ANALYSIS

Respondent argues that there was insufficient evidence to terminate his parental rights and the trial court erred in finding that it was in JJC's best interests to terminate his parental rights. We disagree.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), (j), and (k)(*i*). Under MCL 712A.19b(3)(c)(i), a trial court may terminate a respondent's parental rights if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." "This statutory ground exists when the conditions that brought the

-2-

[child] into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services[.]" *White*, 303 Mich App at 710 (quotation marks and citation omitted). Termination of parental rights is proper under MCL 712A.19b(3)(c)(i) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

The initial disposition order was entered on December 11, 2019 and respondent's parental rights were terminated on June 15, 2021. Therefore, more than 182 days had elapsed since the initial disposition order was entered.

In addition, the record supports that respondent's substance abuse, abandonment of JJC and lack of suitable housing and provisions for the child continued to exist at the time of the termination. The testimony established that respondent did not participate in substance abuse therapy or any drug screens (save one), despite knowing that a missed screen constituted a positive test under DHHS policy. There was no evidence that respondent achieved sobriety. Further, respondent missed 25 of the 28 scheduled visitations with JJC during a 20-month period and failed to provide any financial support for the child. Respondent also failed to adhere to the other requirements of his service plan, such as undergoing a psychiatric evaluation, continued individual therapy, continued parenting classes, maintaining consistent contact with the foster care worker, providing proof of income, and providing documentation of suitable housing.

Respondent had ample time to make changes and take advantage of a variety of services that were available, but failed to do so. Because the totality of the evidence amply supports that respondent did accomplish any meaningful change in the conditions existing at the time of the adjudication, the trial court did not clearly err in finding that termination was proper under MCL 712A.19b(3)(c)(*i*). It is not necessary for us to consider the other statutory grounds cited by the trial court. *Foster,* 285 Mich App at 633.

The trial court also did not clearly err by concluding that it was in JJC's best interests to terminate respondent's parental rights. Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App at 411. Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Other relevant factors include "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *In re Mason,* 486 Mich 142, 164; 782 NW2d 747 (2010).

The trial court determined that it was in JJC's best interests to terminate respondent's parental rights because respondent did not regularly visit JJC or complete the majority of the court-ordered service plan. The trial court noted that respondent had only visited the child twice in the seven months following the filing of the supplemental petition seeking termination. The trial court

further concluded that respondent had ample opportunity to rectify the conditions and complete the service plan, but had not done so. The trial court also considered the fact that JJC was "in a pre-adoptive home" with the maternal grandmother, concluding that he was young and termination was in his best interests because it provided the necessary permanence for adoption, as opposed to the temporary nature of guardianship. The same evidence and testimony that supported termination of respondent's parental rights also established that termination was in JJC's best interests. The trial court's findings were supported by a preponderance of the evidence and we affirm its conclusion that termination of respondent's parental rights was in JJC's best interests.

## IV. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order terminating respondent's parental rights.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel